# CIRCUIT COURT OF AMHERST COUNTY

Hardinge, Inc.

v.

Michael O. Buhler et al.

May 30, 2006

Case No. CL06006340

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the motion for a temporary injunction. I grant to the plaintiff a temporary injunction against the defendants enjoining the defendants from using the VMC1000II ("machine"). This injunction is effective June 14, 2006, at 5:00 p.m. The machine will remain in the Commonwealth of Virginia until this litigation is concluded.

I am cognizant that a temporary injunction is an extraordinary remedy. Due to the scarcity of Virginia authority, I am utilizing the factors enumerated by the United States Court of Appeals for the Fourth Circuit in determining whether a preliminary injunction should be granted. *Hughes Network Systems, Inc. v. Interdigital Communications Corp.*, 17 F.3d 691, 693 (1994). This is the four factor analysis established by *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977). These factors are: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is not granted; (2) the likelihood of harm to the defendant if the preliminary injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. *Blackwelder*, 550 F.2d at 195-96.

In this case, there is a likelihood of irreparable harm to the plaintiff if the preliminary injunction is not granted. The collateral, machine, will depreciate quickly while it is used in the manufacturing process of the

40

defendants. With the uncertainty as to when this litigation will be concluded, there could be substantial loss in value to the machine if the temporary injunction is not granted. This factor is balanced against the small possibility that the defendants will be injured if the temporary injunction is granted. The defendants have indicated that they have a machine on order that can perform the same functions as the machine that is the subject of this litigation. The evidence indicated that the new machine will arrive in the near future, if it has not already arrived. The new machine can absorb the loss created by the temporary injunction preventing the use of the machine at issue.

There appears to be a high likelihood that the plaintiff will succeed on the merits in this case. The documents indicate that the appropriate financing statements have been filed in California and Nevada to secure the lien of the plaintiff to the machine. The defendants have not raised any arguments to indicate to me that the plaintiff does not have a valid lien against the machine. Further, the public interest is served by the enforcement of the Uniform Commercial Code lien. The parties to a commercial transaction are entitled to rely upon the provisions of the Uniform Commercial Code. There will be no certainty in commercial transactions if courts do not honor the legal rights secured by the parties pursuant to the Uniform Commercial Code.

This injunction will expire at 5:00 p.m. on September 1, 2006, unless it is enlarged by the court, or unless the court has made a determination on the merits of the litigation that the defendants prevail.